1

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

SOUTHERN DIVISION

DOUGLAS McKEOWN,

    Plaintiff,

V.                          CASE NO.: CV 1:04CV255-T

BLUE CROSS BLUE SHIELD      Montgomery, Alabama
OF ALABAMA, INC.,          August 26, 2005
                           10:00 A.M.

    Defendant.

\* \* \* \* \* \* \* \* \* \*

THE COURT'S FINDINGS OF FACT

BEFORE THE HONORABLE MYRON H. THOMPSON

UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:      MAURICE JOHN STEENSLAND, III
                     RICHARD MARTIN ADAMS

For the Defendant:      CAVENDER CROSBY KIMBLE

Court Reporter:         Sherry Mack
                     Freelance Court Reporter
                     Dunn, King & Associates
                     431 South Court Street
                     Montgomery, Alabama   36104

```
 1                       *  *  *
 2              THE COURT:  Counsel, I've considered the evidence,
 3   and I find the facts to be as follows:
 4              I'll first consider the counterclaims brought by
 5   Blue Cross Blue Shield of Alabama, which I'll refer to as
 6   Blue Cross.  The first claim is that plaintiff, Doug
 7   McKeown, engaged in fraudulent misrepresentation when he
 8   enrolled in the Pathway plan while he was an independent
 9   contractor.
10              And Blue Cross's second claim is that it is
11   entitled to rescind McKeown's health insurance coverage
12   because, as an independent contractor, he was never eligible
13   to enroll in the Pathway health insurance plan.
14              As to the first counterclaim, the Court finds that
15   this claim should be denied because Blue Cross has not
16   presented evidence that persuades the Court that McKeown
17   engaged in intentional misrepresentation at any point during
18   his enrollment process.
19              As to the second counterclaim, the Court finds
20   that McKeown's coverage is due to be rescinded.  Pathway's
21   health insurance contract with Blue Cross clearly requires
22   that participants be employees rather than independent
23   contractors, and that Pathway pay at least 50 percent of
24   their premiums.  Blue Cross has presented compelling
25   testimony that these were material elements in its contract
```

```
 1    with Pathway that were designed to manage the risk and
 2    charge appropriate premiums for the group.
 3            Here, McKeown was not an employee, and Pathway
 4    never paid at least 50 percent of his premiums or any of his
 5    premiums at all.  Because McKeown does not meet these
 6    requirements, he was never eligible to enroll; and his
 7    coverage is, therefore, rescinded for the period in which he
 8    was an independent contractor.  The Court understands
 9    McKeown is now a bona fide employee of Pathway, and this
10    judgment does not rescind any health insurance that he has
11    acquired or will acquire as an employee.
12            Now, with regard to the claim brought by McKeown,
13    the Court finds that that claim is due to be denied for the
14    reasons that I have found in favor of Blue Cross on its
15    second counterclaim, that is, a rescission is required of
16    the insurance contact.
17            The Court also finds that McKeown's claim is due
18    to be denied because the decision of Blue Cross was neither
19    arbitrary nor capricious and, in fact, was reasonable.
20            The Court relies principally on the case of
21    Dehleimers -- that's D-E-H-L-E-I-M-E-R-S -- v. Mutual of
22    Omaha Life Insurance Company, a 1993 11th Circuit case,
23    found at 986 F2d 1379 where the 11th Circuit said that the
24    absence of a definition does not create ambiguity per se and
25    that the phrase "considered experimental," standing alone in
```

1  a major medical insurance policy is ambiguous as a matter of
2  the law, but that the ambiguity could be cured by
3  identifying the party who would determine whether a
4  treatment is experimental or not.
5         And here the term "investigational treatment,"
6  while perhaps ambiguous, is rendered, unambiguous because
7  the Pathway plan provides that Blue Cross determines what is
8  investigational.  In other words, actually, the term
9  "investigational treatment" is defined as procedures,
10 facilities, drugs, drug usage, equipment, or supplies as any
11 treatment, procedure facility, equipment, drugs, drug usage,
12 or supplies that either we -- that is Blue Cross -- have not
13 recognized as having scientifically established medical
14 value or that does not meet generally accepted standards of
15 medical practice.
16        Since Blue Cross determines when the treatment has
17 not been recognized as having scientifically established
18 medical value, under the Dehleimer's case, the term is not
19 ambiguous, and the Blue Cross determination is neither
20 arbitrary or capricious.
21        So the Court finds in favor of Blue Cross on
22 McKeown's claim, and the Court also finds in favor of Blue
23 Cross on its counterclaim for rescission.
24        What's the relief?
25        MR. KIMBLE:  Relief, Your Honor, would be the

```
 1    difference between premiums paid and claims paid.
 2             THE COURT:  The premiums paid and what?
 3             MR. KIMBLE:  Sorry.  The claims paid out by Blue
 4    Cross and the premiums that were received for Dr. McKeown's
 5    coverage, that difference is what Blue Cross seeks.  And
 6    that's all.
 7             THE COURT:  How much is that?
 8             MR. KIMBLE:  $12,804.05, Your Honor.
 9             THE COURT:  And that's the difference between the
10    claims paid out by --
11             MR. KIMBLE:  It's the actual dollars paid out to
12    satisfy the claims, less the amount of premiums paid, is
13    $12,804.05.
14             THE COURT:  Now, I know you have objections to the
15    Court's findings, but do you have any objections to the
16    calculations?
17             MR. ADAMS:  No, sir.  I don't have any basis to do
18    that at this time, Your Honor.  I don't know if the Court
19    would give us a little bit of time to look at it.  I haven't
20    really studied their calculations, but --
21             THE COURT:  Well, do you want time to study the
22    calculations?
23             MR. ADAMS:  Could we have like ten days or
24    something, Your Honor?
25             THE COURT:  Well, why can't we do it right now?
```

```
 1            MR. KIMBLE:  Judge, we have -- Martin may not have
 2   heard this part.  We have a stipulation.
 3            MR. ADAMS:  Oh, that's right.  I don't have any
 4   objections to it, Your Honor.
 5            THE COURT:  Okay.  Then a judgment will be entered
 6   in that amount in favor of Blue Cross and against the
 7   Plaintiff McKeown, and costs are taxed against McKeown as
 8   well.
 9            Anything else, Counsel?
10            MR. KIMBLE:  Nothing for the counterclaim, Your
11   Honor.
12            THE COURT:  Court is in recess.
13                  (The above-entitled case was
14                   concluded.)
15                * * * * * * * * * * *
16                  END OF PROCEEDINGS
17                * * * * * * * * * * *
18
19
20
21
22
23
24
25
```

REPORTER'S CERTIFICATE

STATE OF ALABAMA

MONTGOMERY COUNTY

     I, Sherry Mack, Court Reporter and Commissioner for the State of Alabama at Large, hereby certify that on Friday, August 26, 2005, I reported the TESTIMONY AND PROCEEDINGS in the matter of the foregoing cause, and that pages 2 through 6 contain a true and accurate transcription of the Court's Findings of Fact in said proceedings.

     I further certify that I am neither kin nor of counsel to the parties to said cause, nor in any manner interested in the results thereof.

     This 29th day of August, 2005.

*Sherry Mack*
SHERRY MACK, COURT REPORTER
Commissioner for the
State of Alabama at Large

MY COMMISSION EXPIRES: 1/06/08