IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| DOUGLAS McKEOWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:04cv255-MHT |
| | ) | (WO) |
| BLUE CROSS BLUE SHIELD | ) | |
| OF ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

After a non-jury trial in this ERISA case, this court

entered judgment in favor of defendant Blue Cross Blue

Shield of Alabama and against plaintiff Douglas McKeown.

Now before the court is Blue Cross's motion for a limited

award of attorney's fees.  For the reasons that follow,

that motion will be denied.

I. BACKGROUND

McKeown initially filed this lawsuit in state court on

February 6, 2004, asserting, in a verified complaint,

state-law claims against Blue Cross for its refusal to

provide coverage for a procedure to treat McKeown's sleep disorder. Pursuant to 28 U.S.C. § 1441(b), Blue Cross removed the case to federal court, invoking subject-matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).[1] According to Blue Cross, because McKeown's claims related to the administration of an employee group health plan, his state-law claims were preempted by the Employee Retirement Income Security Act of 1974 (ERISA).

On April 5, McKeown filed a motion to remand. According to McKeown, his state-law claims were not preempted by ERISA because he was an independent contractor, not an employee, of Pathway, Inc., the employer that contracted with Blue Cross for the group health plan. Only employees, not independent contractors, have standing as plaintiffs under ERISA. Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318 (1992). McKeown filed an affidavit in support of his motion to remand in which he

---

1. This case was initially assigned to United States District Judge Mark E. Fuller. It was briefly reassigned to United States District Judge W. Harold Albritton. Prior to trial, it was reassigned to the undersigned, United States District Judge Myron H. Thompson.

2

stated that he was an independent contractor, not an employee.

Following jurisdictional discovery in April and May, 2004, Blue Cross opposed the motion to remand. Blue Cross noted that in McKeown's verified complaint, he referred to himself as an employee of Pathway and never stated that he was an independent contractor. Blue Cross acknowledged that discovery revealed McKeown to be, in fact, an independent contractor, not an employee. However, the terms of Blue Cross's agreement with Pathway provide that only employees are eligible to enroll in the group health plan. When McKeown enrolled, Blue Cross alleged, he and Pathway falsely represented to Blue Cross that McKeown was an employee. Therefore, Blue Cross argued, McKeown's allegations are governed by ERISA and remand was not warranted. Additionally, because McKeown's affidavit in support of his motion to remand directly contradicted statements regarding his employment status in his verified complaint, Blue Cross filed a motion to strike McKeown's affidavit.

3

The court never ruled on the motion to remand. Instead, on June 24, McKeown moved to withdraw his motion to remand and consented to the striking of his affidavit. The court granted McKeown's motion and the case proceeded in federal court.  On August 28, McKeown amended his complaint to seek relief available under ERISA.  Blue Cross, meanwhile, filed counterclaims against McKeown, alleging that he fraudulently misrepresented his employment status when he enrolled in the group health plan available only to Pathway employees and seeking rescission of the coverage it had already provided to McKeown based on the fact that he was an independent contractor and therefore ineligible for such coverage.

This court received evidence in a one-day non-jury trial on August 26, 2005.  The court found that McKeown did not engage in <u>intentional</u> misrepresentation when he enrolled in Pathway's group health plan.  The court did find, however, that as an independent contractor McKeown was ineligible for coverage under the group health plan; the court therefore found in favor of Blue Cross on its

4

counterclaim for rescission.  As to McKeown's underlying claim regarding Blue Cross's refusal to cover certain treatment for his sleep disorder, the court found against him on that claim, both because he was not eligible for coverage generally and because Blue Cross's decision to deny him coverage for that particular treatment was not unlawful under ERISA.  By stipulation, the court awarded damages to Blue Cross in the amount of $ 12,804.05, which the parties represented was the difference between the claims already paid out by Blue Cross for McKeown's medical treatment and the premiums paid by McKeown under the now-rescinded policy.

On September 9, 2005, Blue Cross filed the pending motion for a limited award of attorney's fees. Specifically, Blue Cross seeks attorney's fees incurred prior to the resolution of McKeown's unsuccessful motion to remand.  Blue Cross, while acknowledging that defendant insurers do not often recover attorney's fees in ERISA cases, argues that the court should exercise its discretion to award such fees in this instance because of

McKeown's unreasonable position in his motion to remand. Blue Cross seeks fees in the amount of $ 21,773.00 and has submitted an itemized billing statement for work done by its attorneys, paralegal and summer law clerk.[2]

## II. DISCUSSION

There is no presumption in favor of awarding attorney's fees to the prevailing party in an ERISA case. Freeman v. Continental Ins. Co., 996 F.2d 1116, 1119 (11th Cir. 1993). Rather, "the court in its discretion may allow a reasonable attorney's fee ... to either party." 29 U.S.C. § 1132(g)(1).

In deciding whether to award attorney's fees, the court is required to consider the following five factors: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an

_____

2.   By way of full disclosure, the court has noticed that the summer law clerk, who billed 1.6 hours, is now a judicial law clerk in this court's chambers. Needless to say, that law clerk did not work on this case in chambers. Furthermore, because the court declines to award Blue Cross any fees, the court had no occasion to review its billing statement in any detail.

award of attorney's fees; (3) whether an award of attorney's fees against the opposing party would deter other persons acting under similar circumstances; (4) whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of each party's position. Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980)[3]; see Freeman, 996 F.2d at 1119; Curry v. Contract Fabricators Inc. Profit Sharing Plan, 744 F.Supp. 1061, 1067 (M.D. Ala. 1990) (Thompson, J.).

As the court considers the five Iron Workers factors, it must also bear in mind what Blue Cross has acknowledged is an unusual aspect of its request: that the party seeking attorney's fees is the defendant. See Iron Workers, 624 F.2d at 1266 ("other considerations may be

---

3. In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

7

present as well"). While such awards are not disallowed,
the Eleventh Circuit Court of Appeals has warned that

> "courts should bear in mind ERISA's
> essential remedial purpose: to protect
> the beneficiaries of [employee benefit]
> plans. Adherence to this policy often
> counsels against charging fees against
> ERISA beneficiaries since private
> actions by beneficiaries seeking in good
> faith to secure their rights under
> employee benefit plans are important
> mechanisms for furthering ERISA's
> remedial purpose."

Nachwalter v. Christie, 805 F.2d 956, 962 (11th Cir. 1986)
(citation omitted). See also Salovaara v. Eckert, 222
F.3d 19, 27-32 (2d Cir. 2000) (reversing district court's
award of fees to prevailing ERISA defendant and warning
that the five-factor test frequently balances against the
defendant obtaining such fees); 4 Alba Conte, Attorney Fee
Awards § 27:4, at 301 (3d ed. 2004) ("Though the
guidelines developed by the courts to determine whether a
party is entitled to a fee award do not explicitly
differentiate between plaintiffs and defendants,
consideration of these factors will seldom result in an

8

assessment of fees against ERISA plaintiffs.") (footnote omitted).

### 1. McKeown's Culpability or Bad Faith

The first <u>Iron Workers</u> factor the court is required to consider is the degree of the opposing party's culpability or bad faith.  Blue Cross argues that under this factor it is required to show culpability <u>or</u> bad faith, not both. <u>See</u> <u>Wright v. Hanna Steel Corp.</u>, 270 F.3d 1336, 1345 (11th Cir. 2001) (emphasizing that this requirement is in the disjunctive).  Blue Cross expressly declines to argue that McKeown acted in bad faith; "rather, he was culpable in his litigation strategy."  Def. Mot. (doc. no. 82-1) at 4. According to Blue Cross,

> "McKeown's culpability lies in his (1) filing a verified complaint in which he stated nine times that he was an employee of Pathway, Inc., and then (2) filing a Motion to Remand supported by an affidavit that contradicted his prior sworn testimony without any explanation whatsoever, (3) then proceeding to argue against this Court's jurisdiction, only to (4) withdraw his Motion to Remand and (5) consent to the striking of his

> affidavit, but not until Blue Cross had
> incurred $ 21,733 in legal expenses in
> defending this Court's removal
> jurisdiction."

Id. at 5.

The court must state at the outset that Blue Cross's case for attorney's fees is weakened considerably by its concession that McKeown did not act in bad faith. Notwithstanding language to the contrary in Wright, the Eleventh Circuit in at least one case has considered the lack of bad faith "dispositive." Andrews v. Employees' Retirement Plan of First Ala. Bancshares, Inc., 938 F.2d 1245, 1248 (11th Cir. 1991) (reversing the district court's award of attorney's fees to the prevailing plaintiffs on that basis); see also Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue-Shield of Ala., 41 F.3d 1476, 1485 (11th Cir. 1995) (declining to reverse district court's denial of attorney's fee award where district court's opinion below discussed only the fee opponent's lack of bad faith).

It is especially difficult to apply a 'culpability' standard in cases such as this one where the prevailing defendant seeks attorney's fees.  Where a prevailing plaintiff seeks fees, it is easy to distinguish between bad faith and culpability because a losing defendant can be described as "culpable" as a result of having violated ERISA even if the defendant's denial of benefits was not in bad faith.  Where a prevailing defendant seeks fees, however, the plaintiff is not "culpable" simply for having lost his case.  See Marquardt v. N. Am. Car Corp., 652 F.2d 715, 720 (7th Cir. 1981); see also Landro v. Glendenning, 625 F.2d 1344, 1356 n.18 (8th Cir. 1980) (recognizing that prevailing ERISA plaintiffs may be awarded attorney's fees absent a showing of their opponents' bad faith but explicitly reserving the question of whether prevailing defendants may be awarded fees absent a similar showing), overruled on other grounds, Martin v. Arkansas Blue Cross & Blue Shield, 299 F.3d 966 (8th Cir. 2002).  The Seventh Circuit has suggested that culpability, in this context, is an intermediate standard

11

"more than merely non-frivolous, but less than meritorious." Bittner v. Sadoff & Rudoy Indus., 728 F.2d 820, 830 (7th Cir. 1984).  The Bittner standard, however, has been rejected by other circuits.  E.g., Gray v. New England Tel. & Tel. Co., 792 F.2d 251, 258-59 (1st Cir. 1986).

Ultimately, this court need not settle on a precise definition of "culpable" in this context in order to conclude that McKeown's conduct probably does not qualify for that description.  First, while McKeown initially referred to Pathway as his "employer," he did not specifically state that he was not an independent contractor and in all likelihood did not consider the distinction relevant when he submitted his verified complaint.  Second, McKeown was factually correct in the affidavit supporting his motion to remand when he stated that he was an independent contractor, not an employee. Third, McKeown's legal basis for his motion to remand was not entirely far-fetched, as there is case law for the general proposition that ERISA does not preempt the state-

law claims of independent contractors.  <u>E.g.</u>, <u>Sica v.</u>
<u>Equitable Life Assurance Soc'y</u>, 756 F.Supp. 539 (S.D. Fla.
1990).  Fourth, the fact that McKeown withdrew his motion
to remand before it was decided on the merits does not
make him culpable; until jurisdictional discovery was
complete, he may not have even had the facts required to
determine whether federal jurisdiction was appropriate.

In sum, the court disagrees with Blue Cross that
McKeown pursued a "culpable ... litigation strategy."
While the series of events surrounding the jurisdictional
dispute in this case may have caused Blue Cross to incur
what it regards as unnecessary attorney's fees, the court
cannot conclude that these were anything but the ordinary
expenses incurred in litigation through no particular
fault of either party.


### 2. McKeown's Ability to Pay

The second <u>Iron Workers</u> factor is the ability of the
opposing party to satisfy an award of attorney's fees.
The  record  reflects  that  McKeown  is  a  clinical

13

psychologist with an annual salary greater than $ 70,000. Therefore, McKeown is by no means destitute.  On the other hand, he does not have the 'deep pockets' of a corporate entity.  Although a $ 21,773.00 fee award to Blue Cross would not cause McKeown and his family to become wards of the state, it would be a significant sum to pay because of a poorly conceived motion to remand.


### 3. Deterrence

The third Iron Workers factor is whether an award of attorney's fees against the opposing party would deter other persons acting under similar circumstances.  Blue Cross argues that an award of attorney's fees would properly deter future ERISA plaintiffs from pursuing a meritless or legally indefensible position such as McKeown's remand strategy.  While that is true, the court must also guard against improper overdeterrence that could undermine ERISA's purpose of protecting the beneficiaries of employee benefit plans by allowing them a private right of action.  As the Fifth Circuit has put it, the deterrent

**14**

factor should not be used "as a sword to discourage beneficiaries from pursuing a [non-meritorious] claim." Gibbs v. Gibbs, 210 F.3d 491, 505 (5th Cir. 2000). Rather, the "factor was intended to be used[] as a shield[] to protect beneficiaries from the fear of having to pay to pursue an important ERISA claim in the event of failing to prevail. Clearly, Congress intended the fee provisions of ERISA to encourage beneficiaries to assert their rights without fear of being responsible for the fees and costs of their opponent's attorneys if they failed to prevail." Id.

Several aspects of this case cause the deterrence factor to weigh against Blue Cross's position. First, Blue Cross seeks attorney's fees for McKeown's flawed position regarding a single issue in this case (jurisdiction), whereas the probable deterrent effect of awarding Blue Cross attorney's fees on that issue will be to discourage beneficiaries from filing meritorious claims at all for fear of being taxed attorney's fees as a result of a flawed litigation strategy regarding jurisdiction.

Second, even if the deterrent effect of a fee award in this case would reach no further than motions to remand in future ERISA cases, the court is also wary of deterring future plaintiffs from clarifying jurisdictional issues. When a court lacks subject-matter jurisdiction, significant resources are wasted when the jurisdictional question is not brought to the court's attention until late in the case.  If parties are deterred from raising colorable jurisdictional questions by the risk of incurring attorney's fees if they are wrong, then a number of meritorious motions to remand might go unfiled, leading some courts that fail to notice the jurisdictional question <u>sua sponte</u> to enter judgment in a case over which they do not properly exercise jurisdiction.  This is a deterrent effect all parties, and all courts, would hope to avoid.

Third, Blue Cross's description of McKeown's culpability in this matter emphasizes the fact that he withdrew his motion to remand after Blue Cross filed its brief in opposition.  However, as stated, this withdrawal

16

does not make McKeown more culpable.  This is important from a deterrence standpoint because attorney's fees should not be used to deter a party who files a motion in good faith from withdrawing that motion once he realizes that the motion is due to be denied.  An award of attorney's fees in this case might have that undesirable deterrent effect.

Finally, the court cannot help but notice that McKeown's motion to remand, although unsuccessful, did give rise to a period of discovery revealing that McKeown was actually not eligible for the health plan in which he had enrolled.  This led to Blue Cross's counterclaim for rescission and this court awarding Blue Cross damages in excess of $ 12,000.  It is therefore possible, if not probable, that McKeown's motion to remand actually clarified, to Blue Cross's benefit, a number of issues related to McKeown's coverage.  The court does not wish to deter future ERISA plaintiffs from clarifying their employment status and their eligibility for the benefits they seek.

17

### 4. Benefit to All Participants or Significant Legal Question

The fourth <u>Iron Workers</u> factor is whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself.  According to Blue Cross, "By upholding ERISA's jurisdiction and preserving the integrity of the civil enforcement mechanism, Blue Cross has benefitted all participants and beneficiaries in the Plan."  Def. Mot. (doc. no. 82-1) at 8.  While this may be a true statement, the court does not think it has great significance in the context of this case.  "In general, the fourth factor is significant in determining the benefits conferred in a suit brought by ERISA plaintiffs, rather than the benefits of dismissing a meritless ERISA suit."  <u>Marquardt</u>, 652 F.2d at 721.  Here, while the court does not reject Blue Cross's argument that defending against McKeown's motion to remand benefitted the participants and beneficiaries of

18

the group health plan, the court does not think that fact
weighs heavily in favor of awarding attorney's fees.

Blue Cross also argues that it sought to recover the
losses incurred by the group health plan's participants
and beneficiaries in paying out claims to McKeown and his
family when they were not eligible for coverage.
According to Blue Cross, this recovery will be credited to
the plan in such a way as to lower the premiums for the
plan's legitimate beneficiaries.  However, this argument
would be useful to Blue Cross only if it were seeking
attorney's fees on its rescission counterclaim.  Here,
Blue Cross is seeking attorney's fees on the
jurisdictional dispute and McKeown's motion to remand.  As
previously discussed, it was actually McKeown's motion to
remand that arguably benefited the plan participants and
beneficiaries, because it revealed that McKeown was not
eligible for coverage and led to a judgment requiring him
to repay $ 12,804.05 to the plan.  Because the premise of
Blue Cross's motion for attorney's fees is that McKeown
should not have filed the motion to remand, it makes

little sense for Blue Cross the use the fourth <u>Iron
Workers</u> factor to argue that the benefits to the plan that
resulted from the discovery following the motion to remand
should form the basis for a fee award.

Regarding whether Blue Cross sought to resolve a
significant legal question regarding ERISA itself, Blue
Cross argues that a significant legal question in this
case was "whether an alleged participant in an ERISA plan
can accept the benefits of an ERISA plan when it suits him
and then manipulate ths Court's removal jurisdiction at
will be changing sworn testimony in order to avoid ERISA's
preemption clause and civil enforcement provisions in
order to avail himself of tort damages." Def. Mot. (doc.
no. 82-1) at 9.  Even assuming that Blue Cross accurately
describes the legal question regarding jurisdiction that
was presented in this case, and even assuming the question
was a significant one, the question was never resolved
because McKeown withdrew his motion before the court
ruled.  As the record does not reflect that Blue Cross
objected to McKeown withdrawing his motion, it is

difficult for Blue Cross to argue that it "sought to resolve" the legal question it now argues was significant.

### 5. Merits

The final Iron Workers factor is the relative merits of each party's position.  Admittedly, this factor works in Blue Cross's favor; if it did not, then the court would lack subject-matter jurisdiction over this case.  The issue, however, is not simply whether Blue Cross's position had more merit than McKeown's, but also the disparity between the merits of each position.

Blue Cross argues that its "case on removal jurisdiction was so compelling that plaintiff withdrew his Motion to Remand and consented to entry of an order striking his affidavit rather continue with that failed strategy." Def. Mot. (doc. no. 82-1) at 9. As previously stated, the fact that McKeown withdrew his motion is not material to the merits of his position; his motion to remand would not have been any more or less meritorious had he awaited the court's ruling.  Viewing the merits of

McKeown's motion independent of his decision to withdraw it, the court agrees with Blue Cross that the motion was not a winner; but then again, McKeown himself admits as much and states that he withdrew the motion when he reached that conclusion as well.

As for whether the motion was so lacking in merit that McKeown should be taxed Blue Cross's attorney's fees incurred in responding, the court does not think the motion's lack of merit was so extreme.  First, the motion was factually correct in describing McKeown as an independent contractor.  Second, the motion's legal argument, while unlikely to carry the day in the context of this particular case, was reasonably based on the legal proposition that ERISA does preempt the state-law claims of independent contractors.  In other words, even though the court retained federal jurisdiction over this case, McKeown's motion was not completely lacking in support or a reasonable basis.  See Freeman, 996 F.2d at 1120; Dixon v. Seafarers' Welfare Plan, 878 F.2d 1411, 1413 (11th Cir.

1989); <u>McKnight v. S. Life & Health Ins. Co.</u>, 758 F.2d 1566, 1572 (11th Cir. 1985).


                        * * *


     Having considered the five <u>Iron Workers</u> factors, the court concludes that they do not favor the fee award Blue Cross seeks.  Accordingly, it is ORDERED that defendant Blue Cross Blue Shield of Alabama's motion for limited award of attorney's fees (doc. no. 82) is denied.

     DONE, this the 23rd day of July, 2007.


                         /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE